JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-05141-MCS<br>USBC-Central - Adversary Proceeding, 2:23-ap-01093;<br>USBC-Central, 2:23-bk-10350 | Date | July 17, 2023 |
|---|---|---|---|
| Title | *In re Danon (Doe v. Danon)* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DISMISSING APPEAL (JS-6)**

Appellant Jane Doe appeals an order of the Bankruptcy Court directing the Los Angeles Police Department to produce subpoenaed records in *Doe v. Danon*, Adversary Proceeding No. 2:23-ap-61093-BR. (Notice of Appeal 2, ECF No. 1.) Appellant did not file a motion for leave to appeal such an interlocutory order in this Court. *See* 28 U.S.C. § 158(a) (authorizing appeal of "interlocutory orders and decrees" of bankruptcy judges only "with leave of the court"); *In re Travers*, 202 B.R. 624, 625 (B.A.P. 9th Cir. 1996) ("An interlocutory order is one which does not finally determine a cause of action, but instead decides only an intervening matter."). She filed such a motion in the Bankruptcy Court, (Mot. for Leave to Appeal, Adversary Proceeding ECF No. 54-2),[1] which the Bankruptcy Court denied without

---

[1] The Court takes judicial notice of the filings in the adversary proceeding. Fed. R. Evid. 201(b); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

prejudice, (Order Denying Mots. 7–8, Adversary Proceeding ECF No. 65).[2] In the interests of justice and judicial economy, the Court treats the notice of appeal as a motion for leave, Fed. R. Bankr. P. 8004(d), and considers the arguments Appellant made in her motion for leave to appeal.[3]

Courts generally "look for guidance to standards developed under 28 U.S.C. § 1292(b) to determine if leave to appeal" an interlocutory order of a bankruptcy judge under § 158(a) "should be granted, even though the procedure is somewhat different." *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001). Under those standards, an interlocutory appeal is appropriate if the order at issue "[(1)] involves a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3)] that the immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three of these requirements must be satisfied. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

No requirement is met here. Appellant "falls short of making any showing that the order[] involve[s] a 'question of law' at all," let alone a controlling one. *Horowitz v. Sulla*, No. 16-00549 DKW-KSC, 2017 U.S. Dist. LEXIS 55095, at *19 (D. Haw. Apr. 11, 2017); (*see* Mot. for Leave to Appeal 7). Appellant has not identified the issues to be presented on appeal, but she complains that the bankruptcy judge ordered compliance with a subpoena without scheduling a hearing or otherwise providing Appellant with due process. (Mot. for Leave to Appeal 11.)[4] An interlocutory appeal is not appropriate for review of this issue. *See McFarlin v.*

---

[2] The Court questions whether the Bankruptcy Court properly resolved the motion in the adversary proceeding, as the discretion to hear an appeal of an interlocutory bankruptcy order lies with the court to which the order is appealed. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003); *see* Fed. R. Bankr. P. 8004(c) (directing procedure for resolution of such motions in the district court or Bankruptcy Appellate Panel). But this concern does not affect the disposition of this Order.

[3] Alternatively, the Court considers the motion as it appears in the appeal docket as an attachment to the Bankruptcy Court clerk's notice of appeal deficiency. (Notice of Appeal Deficiency 14–26, ECF No. 7); *see* Fed. R. Bankr. P. 8004(c)(1)–(2) (requiring the bankruptcy clerk to transmit a motion for leave for docketing in the district court).

[4] The adversary proceeding docket belies this assertion. (Scheduling Order 2, Adversary Proceeding ECF No. 23 (setting hearing).)

*Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004) (teaching that interlocutory appeals "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts"). And given the lack of a discernable question of law, the Court cannot conclude there is substantial ground of difference of opinion on any question. Finally, an interlocutory appeal likely would impede rather than advance the ultimate resolution of the adversary proceeding and the production of subpoenaed records at issue. *Cf. Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) ("[A]n interlocutory appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed before . . . when trial is currently scheduled."). Indeed, in the time since Appellant filed her notice of appeal in the adversary proceeding, Appellant filed several motions seeking direct or collateral relief from the challenged order. (*E.g.*, Mot. to Vacate, Adversary Proceeding ECF No. 59; Mot. to Quash, Adversary Proceeding ECF No. 63; Mot. to Disqualify, Adversary Proceeding ECF No. 72; Motion to Vacate, Adversary Proceeding ECF No. 96.) The Court will not exercise its discretion to intervene while the issues relevant to the appeal are still in play in the proceeding below.

The Court denies Appellant leave to appeal the interlocutory order and dismisses the appeal.

**IT IS SO ORDERED.**

**cc: Bankruptcy Court**